**Bank Funds for Bureau of State Lotteries**

CREAMER, Attorney General, February 28, 1972.—
You have requested our opinion as to whether banking
institutions which will be serving as safekeeping facili-
ties for the Bureau of State Lotteries in the Department
of Revenue are State depositories and, therefore,
required to collateralize the amounts they receive
under sections 1, 5 and 7 of the Act of February 17,
1906, P. L. 45, 72 PS §§3771, 3791, and 3793, and
section 505 of The Fiscal Code, as amended, 72 PS
§505.

In your letter of January 27, 1972, you have outlined
the procedures to be followed under which all lottery
licensees will deposit their receipts with such safekeep-
ing facilities each Tuesday afternoon which, in turn,
will call the amounts received into a central computer,
and which total amounts, by the following afternoon,
will be deposited in a State depository bank by a
computer check drawn on the account of the safekeep-
ing facility. The purpose of the safekeeping facilities,
therefore, is merely to collect and hold the funds 24
hours until they can be accounted for and properly
deposited in the designated State depository bank.

Confirming our oral advice of February 16, 1972,
it is our opinion, and you are hereby advised, that we
agree with your view that the safekeeping facilities
are not "depositories" and, therefore, need not collater-
alize the funds they receive and hold for transmission
to a State depository, but that the selected depositories
which receive the funds from the safekeeping facilities
must collateralize all funds they receive for deposit
so long as those funds remain on deposit.

The basic reason for our opinion is that the safekeep-
ing facilities are not serving as depositories. Although
no definition of "depository" is contained in The Fiscal
Code, it is clear from the procedures set forth in section

505, 72 PS §505, which speaks in terms of "depositories for the State moneys," and the selection procedure in the Act of February 17, 1906, P. L. 45, 72 PS §3771, et seq., that a procedure of regular long-term deposits is contemplated rather than the brief safekeeping function contemplated under the lottery collection procedures.

In addition, we note that section 301 of The Fiscal Code, 72 PS §301, provides that your department is to deposit "all moneys of the Commonwealth *received by it* . . . in State depositories approved by the Board of Finance and Revenue." Under the procedure contemplated, you will not actually *receive* the lottery moneys when they are held by the safekeeping facilities; you will not receive them until they are, in fact, deposited with a State depository. (Italics supplied.)

Finally, section 15 of Act No. 91 of 1971 (State Lottery Law) provides that: "The secretary may make such arrangements for any person, including a *bank*, to perform such functions, activities, or services in connection with the operation of the lottery as he may deem advisable pursuant to this act and the rules and regulations of the department, and such functions, activities, or services shall constitute lawful functions, activities and services of such person." (Italics supplied.) It is our opinion that this provision authorizes arrangements with banks to serve functions in connection with the administration of the State Lottery other than normal depository functions which are covered by The Fiscal Code and Act of February 17, 1906, supra. In other words, the use of a bank as something less than a depository, such as the safekeeping facility you have outlined, is specifically authorized by the State Lottery Law, is declared to be lawful, and is not subject to the collateralization requirements of a State depository.

Because of their interest in this matter, we are sending copies of this opinion to the Secretary of Revenue, the Secretary of Banking, and to the Executive Director of the Bureau of State Lotteries.